1
2
3
4
5       **UNITED STATES DISTRICT COURT**
6       **DISTRICT OF NEVADA**
7
8   ROBERT and MARTHA WOLINSKY,           2:11-CV-830 JCM (PAL)
9           Plaintiffs,
10  v.
11  CARINA CORPORATION, et al.,
12
13          Defendants.
14                                **ORDER**

15      Presently before the court is defendant Carina Corporation's motion to transfer case to Judge

16  Robert C. Jones (doc. #30), to which plaintiffs responded (doc. #48), and defendant replied (doc.

17  #57).

18      Pursuant to 28 U.S.C. 1631, the court may transfer a case "to any other such court in which

19  the action or appeal could have been brought at the time it was filed or noticed . . . ." In the present

20  motion (doc. #30), defendant contends that transfer is appropriate because Judge Jones is already

21  familiar with the facts of the case. The present complaint, originally filed in the Eighth Judicial

22  District Court of Nevada in 2009, alleges that defective high zinc yellow brass fittings were used in

23  the manufacture of the plaintiffs' homes. The case was removed by defendant in 2011 to this court.

24  Prior to its removal, the Nevada state court conditionally certified it as a class action – consisting of

25  all the plaintiffs whose homes were built with high zinc Wirsbo brand plumbing fittings.

26      At the time the present matter was filed, Judge Jones was presiding over a similar matter,

27  *Slaughter v. Uponor, Inc.*, (Case No: 2:08-cv-01223). That case involved the same plaintiff counsel,

28

**James C. Mahan**
**U.S. District Judge**

1  and, as defendant contends, many of the same parties. Specifically, defendant alleges that the named class representatives for both this action and the *Slaughter* action own homes in the Lamplight Estates at Centennial Springs development built by defendant Carina. Also, both cases concern the exact same developer, plumbers, suppliers, and manufactures, and not to mention, similar allegations related to the alleged dezinctification of the Wirsbo systems installed in the plaintiffs' homes. Furthermore, both plaintiffs (the Wolinskys and Mr. Slaughter) have claimed that they represent the same "Carina" homeowners, and therefore both actions encompass the same purported class.

In rebuttal, plaintiffs allege that unlike the present matter, *Slaughter* was never a class action because the plaintiffs voluntarily withdrew certification. Nevertheless, the court does not find this distinction warrants denying defendant's motion to transfer.

Moreover, defendant notes that Judge Jones requested that his court be notified if a similar action to *Slaughter* was pending in federal court. Even though Judge Jones' court is located in Reno, the court does not feel that a transfer would unduly burden the parties. In the past, Judge Jones has agreed to hold hearings for the *Slaughter* action in Las Vegas. However, even if he declines to do so now, there is no indication that this, in itself, will impede the "just, speedy, and inexpensive" determination of the case, as required by Federal Rule of Civil Procedure 1.

Upon consideration of defendant's motion (doc. #30), as well as the record, the court concludes that there are common issues and evidentiary concerns between the two cases. In the interest of judicial economy and efficiency, and in order to prevent duplicate and contradictory rulings, the above captioned case shall be transferred to Judge Jones:

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to transfer (doc. #30) be, and the same hereby is, GRANTED. The clerk shall transfer the above captioned case to Judge Robert C. Jones.

DATED August 1, 2011.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**