R. SCOTT RASMUSSEN, ESQ.
Nevada Bar No. 6100
DUSTI L. UKEILEY, ESQ.
Nevada Bar No. 8700
HANSEN RASMUSSEN, LLC
1835 Village Center Circle
Las Vegas, Nevada  89134
Telephone:  (702) 385-5533
Facsimile: (702) 382-8891
scottr@hrnvlaw.com
dustiu@hrnvlaw.com
*Attorneys for Third-Party Defendant*
*RCR PLUMBING AND MECHANICAL, INC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT and MARTHA WOLINSKY, husband and wife, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARINA CORPORATION, a dissolved Nevada corporation, and ROES 1 through 50, inclusive,<br><br>Defendant.<br><br>___<br><br>CARINA CORPORATION, a dissolved Nevada corporation,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>UPONOR, INC., a Minnesota corporation; UPONOR NORTH AMERICA, INC., a Minnesota corporation; RCR PLUMBING AND MECHANICAL, INC., a California corporation; INTERSTATE PLUMBING & AIR CONDITIONING, LLC, a Nevada limited liability company; UNITED PLUMBING, LLC, a Nevada limited liability company; FERGUSON ENTERPRISES, INC., a Virginia corporation; HUGHES WATER & SEWER LP, a Florida limited partnership and successor by merger to STANDARD WHOLESALE SUPPLY COMPANY, a dissolved Nevada corporation; HD SUPPLY CONSTRUCTION SUPPLY, LIMITED PARTNERSHIP, a Florida limited partnership; HD SUPPLY INC., an entity of unknown origin; INTERSTATE PLUMBING | CASE NO.: 2:11-cv-00830-JCM-PAL<br><br>**THIRD-PARTY DEFENDANT RCR PLUMBING AND MECHANICAL, INC'S THIRD-PARTY COMPLAINT** |

- 1 -

& AIR CONDITIONING, INC., a Nevada )
corporation; UPONOR CORPORATION, a )
Finland corporation; WIRSBO COMPANY, a )
Minnesota company; UPONOR WIRSBO )
COMPANY, a Minnesota company; ZOES 1 – )
100; and ZOE CORPORATIONS 101 – 200, )
inclusive, )
                                                                    )
                Third-Party Defendants.            )
                                                                    )
                                                                    )
ALL RELATED CASES                                      )
                                                                    )
                                                                    )

### THIRD-PARTY DEFENDANT RCR PLUMBING AND MECHANICAL, INC'S THIRD-PARTY COMPLAINT

COMES NOW, Third-Party Defendant RCR PLUMBING & MECHANICAL, INC., (hereinafter "RCR") by and through its counsel, R. SCOTT RASMUSSEN, ESQ., of the law firm of HANSEN RASMUSSEN, LLC and files its Third-Party Complaint against Third-Party Defendants EUROTERMO SPA, an Italy entity of unknown origin, ANDERSON FITTINGS AND BRASS COMPANY, LLC, an Delaware limited liability company, MARSHALL BRASS COMPANY aka S.H. LEGGITT COMPANY, a Michigan corporation, and SOUTHWEST SALES GROUP, INC., a Nevada corporation, and UPONOR GROUP, a company of unknown origin (hereinafter "Third-Party-Defendants" or "TPD") alleging as follows:

### GENERAL ALLEGATIONS

1.  At all times relevant herein, RCR, was and is a California corporation qualified, licensed and authorized to do business in, and was in fact doing business in Clark County, Nevada.

2.  At all times relevant herein, EUROTERMO SPA, an Italian entity of unknown origin was doing business in the State of Nevada and manufactured, designed, developed and/or supplied materials, including, in part or in whole, Wirsbo brass fittings, for the construction of improvements at the Subject Property that is the basis for Plaintiff's underlying Complaint/Third-Party Plaintiff's Amended Third-Party Complaint.

- 2 -

3. At all times relevant herein, ANDERSON FITTINGS AND BRASS COMPANY, LLC, a Delaware limited liability company was doing business in the State of Nevada and manufactured, designed, developed and/or supplied materials, including, in part or in whole, Wirsbo brass fittings, for the construction of improvements at the Subject Property that is the basis for Plaintiff's underlying Complaint/Third-Party Plaintiff's Amended Third-Party Complaint.

4. At all times relevant herein, MARSHALL BRASS COMPANY aka S.H. LEGGITT COMPANY, a Michigan corporation was doing business in the State of Nevada and manufactured, designed, developed and/or supplied materials, including, in part or in whole, Wirsbo brass fittings, for the construction of improvements at the Subject Property that is the basis for Plaintiff's underlying Complaint/Third-Party Plaintiff's Amended Third-Party Complaint.

5. At all times relevant herein, SOUTHWEST SALES GROUP, INC., a Nevada corporation was doing business in the State of Nevada and manufactured, designed, developed and/or supplied materials, including, in part or in whole, Wirsbo brass fittings, for the construction of improvements at the Subject Property that is the basis for Plaintiff's underlying Complaint/Third-Party Plaintiff's Amended Third-Party Complaint.

6. At all times relevant herein, UPONOR GROUP, a company of unknown origin was doing business in the State of Nevada and manufactured, designed, developed and/or supplied materials, including, in part or in whole, Wirsbo brass fittings, for the construction of improvements at the Subject Property that is the basis for Plaintiff's underlying Complaint/Third-Party Plaintiff's Amended Third-Party Complaint.

7. According to the allegations contained in Plaintiffs' underlying Complaint, RCR entered into an agreement to perform works of improvement in the Subject Property utilizing the brass fittings, including Wirsbo brass fittings.

8. RCR is informed and believes and on that basis alleges that, at all relevant times herein, Third-Party Defendants contracted with RCR to supply the brass fittings related to works of improvement in the Subject Property.

9. Pursuant to these implied agreements with RCR, Third-Party Defendants directly or through an authorized agent, subcontractor or other party, supplied the brass fittings and/or other items which were installed into and/or become a part of the Subject Property.

10. The brass fittings designed, manufactured, supplied and/or distributed by Third-Party Defendants were supplied to complete construction work called for, pursuant to plans and specifications of the developer for the subject properties referenced above.

11. While designing, manufacturing, supplying, and/or distributing the brass fittings used at the site, Third-Party Defendants according to the allegations of the Plaintiff's underlying complaint, acted in a negligent and/or careless manner, committed negligence per se, performed acts which resulted in breached warranties to Plaintiff and/or others, including, but not limited to those of fitness, merchantability, and habitability, created a nuisance, and/or supplied defective products in an unreasonably dangerous and defective condition, and/or committed acts of negligent and/or fraudulent misrepresentation, which allegedly injured and/or caused damages to Plaintiffs, as alleged in Plaintiff's Complaint.  These acts caused RCR to suffer damages, by subjecting RCR to suit by Third-Party Plaintiffs.

12. RCR is informed and believes, and thereon alleges, that the true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 100 are unknown to RCR who therefore sues these Third-Party Defendants through these fictitious names.  Third-Party Defendants designated as DOES 1 through 100 are responsible in some manner as an entity who manufactured, designed, developed, built, marketed, sold, supplied, produced and/or otherwise put into the stream of commerce the Wirsbo brass fittings incorporated into the work of improvement at

the Subject Property and are responsible for the events and happenings described in Plaintiff's Complaint/Third-Party Plaintiff's Amended Third-Party Complaint, and in this Third-Party Complaint which proximately caused damages to RCR as alleged herein.  RCR is informed and believes that each of the Third-Party Defendants designated as DOE in some manner manufactured, designed, developed, built, marketed, sold, produced, supplied and/or otherwise put into the stream of commerce possibly defective Wirsbo brass fittings pursuant to agreements between individuals or entities that are presently undetermined or otherwise.  RCR will ask leave of this Court to amend this Third-Party Complaint to insert the true names and capacities of the DOES and state appropriate charging allegations, when that information has been ascertained.

13.     RCR specifically complains and alleges causes of action against the specific entity, or entities, that manufactured, designed, developed, built, marketed, sold, produced, supplied and/or otherwise put into the stream of commerce possibly defective Wirsbo brass fittings that are the subject of Plaintiff's Complaint.  As of the filing of this Third-Party Complaint, RCR is not sure as to whether those entities are individuals, a partnership, corporation, limited liability company or other business entity.  RCR will seek leave to amend this Third-Party Complaint to substitute true names once the identities of these entities are ascertained.

14.     RCR alleges that the choice of the plumbing systems to be installed at the residences was specifically chosen and directed by the builder, Carina Corporation.  Carina Corporation exercised its complete control and discretion in the choice of the plumbing system to be installed in the subject residences.

15.     RCR installed the products at issue which were chosen by the builder, and there are no allegations of defective installation of the plumbing systems by Carina Corporation or the Plaintiffs.

16.     Third-Party Defendants acted in a negligent and /or careless manner, performed acts which resulted in breach of warranties, including, but not limited to those of fitness and

merchantability, and/or supplied defective products in an unreasonably dangerous and defective condition, which allegedly injured and/or caused damages to Plaintiff. In so doing, these acts have also resulted in damages to RCR by subjecting RCR to suit.

**FIRST CLAIM FOR RELIEF**
**(Negligence and Negligence Per Se)**

17. RCR repeats, realleges, and incorporates the allegations of Paragraphs 1 through 16 of this Third-Party Complaint as though fully set forth herein.

18. Third-Party Defendants, each of them, owed a contractual and/or legal duty to RCR to exercise due and reasonable care in the design, manufacture, supply and/or production of the Wirsbo brass fittings, and/or its component parts. Third-Party Defendants also had a legal duty to abide by local construction practices, industry standards, governmental codes and restrictions, manufacturer requirements, Clark County Building Codes, product specifications and/or the laws of the State of Nevada.

19. If the brass fittings are defectively designed, manufactured, supplied and/or produced, each of the Third-Party Defendants are responsible for such defects in that they failed to act reasonably in the design, manufacture and/or production of the brass fittings, and/or the parts used in making the fittings, thereby breaching their duty owed to RCR.

20. If the brass fittings were defectively designed, manufactured, supplied and/or produced, the acts or omissions of Third-Party Defendants, each of them, were the direct and proximate cause of any all damages incurred by RCR.

21. RCR is informed and believes and on that basis alleges that Plaintiffs' damages, if any, were proximately caused by Third-Party Defendants, each of them, and that the Third-Party Defendants are liable for the damages sought by Plaintiffs in their Complaint.

22. The breach(es) of the aforementioned duties by each Third-Party Defendant as described above was and is the actual and proximate cause of damages to RCR in excess of $10,000.

23. It has been necessary for RCR to retain the services of attorneys to defend the Plaintiffs'/Third-Party Plaintiff's action and to bring this action. RCR is entitled to recover attorney's fees and costs incurred herein pursuant to NRS 18.010, contractual provisions and Nevada law.

**SECOND CLAIM FOR RELIEF**
**(Products Liability)**

24. RCR refers to, realleges, and incorporates herein the allegations of Paragraphs 1 through 23 of this Cross-Claim as though fully set forth herein.

25. At all times relevant herein, Third-Party Defendants were the designers, developers, manufacturers, distributors, marketers, sellers or suppliers of the Wirsbo brass fittings, and/or its high zinc content plumbing component parts.

26. Third-Party Defendants engaged in the business of designing, developing, manufacturing, distributing, marketing, selling and supplying plumbing supplies and pipes such as the materials at issue herein, as well as the component parts that ultimately became the plumbing system parts.

27. Third-Party Defendants knew and/or should have known and expected that the Wirsbo brass fittings, and/or the high zinc content plumbing component parts, would reach the ultimate user and/or consumer without substantial change and would be in the same condition in which it was designed, manufactured, supplied and sold.

28. At all times herein relevant, Defendants owed a duty of reasonable care to the Plaintiffs in design, development, manufacturing, distributing, marketing, selling, selection of materials used, and supply of Wirsbo brass fittings, and/or the parts and materials that make up the system.

29. Third-Party Defendants breached this duty in the following ways, including, but not limited to, failing to adequately and properly:

    a. Supply Wirsbo brass fittings for use without defects;

b.    Inspect and test the brass fittings which were used in residential households;

c.    Manufacture, design, develop, build, market, sell, and produce and/or otherwise put into the stream of commerce Wirsbo brass fittings which were without defect;

d.    Supply defect-free components into the plumbing systems of the subject residences;

e.    Design a water supply pipe and/or components which would operate and/or perform in a defect-free manner so as to prevent damage;

f.    Provide materials for use in the fittings that are free from defect and corrosion; and

g.    Warn of the damage as a result of the installation of the Wirsbo high zinc content plumbing components.

30.    But for the manufacturing defect, design defect, and supply of improper materials by the Third-Party Defendants, and breach of duty by the Third-Party Defendants, Plaintiffs would not have allegedly suffered injury or damages.

31.    Third-Party Defendants knew and/or should have known the brass fittings at issue was a repository and/or conduit of water and/or subject to water pressure such as it was foreseeable to Third-Party Defendants that a failure of the high zinc content plumbing components would cause damages to the ultimate users.

32.    As a direct and proximate result of actions of Third-Party Defendants, RCR has been damaged in a sum which is currently unascertainable but in excess of $10,000. RCR will seek leave of court to amend this Third-Party Complaint when such sums can be reasonably ascertained.

33. It has been necessary for RCR to retain the services of attorneys to defend the Plaintiffs'/Third-Party Plaintiff's action and to bring this action. RCR is entitled to recover attorney's fees and costs incurred herein pursuant to NRS 18.010, contractual provisions and Nevada law.

### THIRD CLAIM FOR RELIEF
### (Strict Liability)

34. RCR refers to, realleges, and incorporates herein the allegations of Paragraphs 1 through 33 of this Third-Party Complaint as though fully set forth herein.

35. Third-Party Defendants, as the designers, developers, suppliers of materials, manufacturers, distributors, marketers, sellers, or suppliers, are strictly liable to Plaintiffs for their damages set forth herein.

36. As designers, developers, suppliers of materials, manufacturers, distributors, marketers, sellers, and suppliers, Third-Party Defendants willfully, maliciously, and by gross negligence and in total disregard, provided materials, designed, developed, manufactured, distributed, marketed sold, and installed the Wirsbo brass fittings so as to cause the residences of Plaintiffs to be in a dangerous, defective, and unsafe and unfit condition for habitation and use in the way and manner the residences' plumbing system would customarily be used and employed.

37. As designers, material providers, developers, manufacturers, distributors, marketers, sellers and suppliers of the Wirsbo brass fittings, Third-Party Defendants willfully, maliciously, knowingly, and by gross negligence and in total disregard, placed them on the market, and into the stream of commerce, knowing that they would be sold and used by members of the general public without inspection for defects.

38. The Wirsbo brass fittings were installed at the residence of Plaintiffs by the RCR in the same condition that they were in when they left the control of the seller.

39. As a direct and proximate result of Third-Party Defendants' actions, RCR has been damaged in a sum which is currently unascertainable but in excess of $10,000. RCR will seek leave of Court to amend this Third-Party Complaint when such sums can be reasonably ascertained.

40. It has been necessary for RCR to retain the services of attorneys to defend the Plaintiffs'/Third-Party Plaintiffs' action and to bring this action. RCR is entitled to recover attorney's fees and costs incurred herein pursuant to NRS 18.010, contractual provisions and Nevada law.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Contract)**

41. RCR refers to, realleges, and incorporates herein the allegations of Paragraphs 1 through 40 of this Cross-Claim as though fully set forth herein.

42. RCR has fully performed all conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the implied agreements.

43. As a result of the allegations contained in the Plaintiffs' Complaint, RCR is informed, believes and on that basis alleges that Third-Party Defendants, each of them, have breached these agreements by failing to perform as set forth in the various implied agreements. Further, RCR is informed, believes and on that basis alleges that Third-Party Defendants have breached these implied agreements by failing to defend and indemnify RCR as a result of Plaintiff's Complaint/Third-Party Plaintiff's Amended Third-Party Complaint.

44. RCR is informed and believes and thereon alleges that Third-Party Defendants breached these implied agreements by, in compliance with the applicable standard of care and in a manner that was consistent with their legal obligations as set forth in the various agreements, failing to adequately and properly:

    a. Supply Wirsbo brass fittings for use without defects;

    b. Inspect and test the brass fittings which were used in residential households;

- 10 -

      c.      Manufacture, design, develop, build, market, sell, and produce and/or otherwise put into the stream of commerce Wirsbo brass fittings which were without defect;

      d.      Supply defect-free components into the plumbing systems of the subject residences;

      e.      Design a water supply pipe and/or components which would operate and/or perform in a defect-free manner so as to prevent damage;

      f.      Provide materials for use in the fittings that are free from defect and corrosion; and

      g.      Warn of the damage as a result of the installation of the Wirsbo high zinc content plumbing components.

45. As a direct and proximate result of Third-Party Defendants' breach of contract, RCR has been damaged in a sum which is currently unascertainable but in excess of $10,000. RCR will seek leave of Court to amend this Third-Party Complaint when such sums can be reasonably ascertained.

46. It has been necessary for RCR to retain the services of attorneys to defend the Plaintiffs'/Third-Party Plaintiffs' action and to bring this action. RCR is entitled to recover attorney's fees and costs incurred herein pursuant to NRS 18.010, contractual provisions and Nevada law.

**FIFTH CLAIM FOR RELIEF**
**(Breach of Express and Implied Warranties)**

47. RCR refers to, realleges, and incorporates herein the allegations of Paragraphs 1 through 46 of this Cross-Claim as though fully set forth herein.

48. RCR is informed, believes and on that basis alleges that Third-Party Defendants impliedly and expressly warranted that the brass fittings, and the materials used therein, would be free of any defect, fit for their ordinary and intended use as a component in a residential plumbing

- 11 -

system, and that the materials would operate in a good and performing manner, in full accordance with the provisions and conditions of the agreements and the plans and specifications and compliance with all applicable codes and specifications.

49. RCR relied upon these warranties and believed that the brass fittings, and the materials used therein, would be free of any defect and fit for their intended use and purpose.

50. As a result of the allegations contained in Plaintiffs' Complaint, RCR is informed, believed and thereon alleges that Third-Party Defendants breached agreements as it has been alleged by Plaintiffs in the underlying action herein that numerous deficiencies exist at the site as set forth in the Complaint on file herein, which alleged deficiencies are incorporated herein by reference.

51. As a proximate result of the breach of express and implied warranties by Third-Party Defendants, RCR alleges it will suffer damages in a sum equal to any sums paid by way of settlement, or in the alternative, judgment rendered against RCR in the underlying action based upon Plaintiffs' Complaint/Third-Party Plaintiffs' Amended Third-Party Complaint.

52. This Third-Party Complaint will serve as notice of such conditions and RCR is informed, believes and thereon alleges that Third-Party Defendants declined to acknowledge the responsibilities to repair the alleged deficiencies as referenced above.

53. The breach(es) of the aforementioned warranties by each Third-Party Defendant as described above was and is the actual and proximately cause of damages to RCR in excess of $10,000.

54. It has been necessary for RCR to retain the services of attorneys to defend the Plaintiffs'/Third-Party Plaintiffs' action and to bring this action. RCR is entitled to recover attorney's fees and costs incurred herein pursuant to NRS 18.010, contractual provisions and Nevada law.

**SIXTH CLAIM FOR RELIEF**
**(Contribution)**

55. RCR refers to, realleges, and incorporates herein the allegations of Paragraphs 1 through 54 of this Third-Party Claim as though fully set forth herein.

56. RCR installed the products at issue which were chosen by the builder, and there are no allegations of defective installation of the plumbing systems by Carina Corporation or the Plaintiffs.

57. Based upon the acts and/or omission of the Third-Party Defendants, each of them, if a judgment is rendered on behalf of Plaintiffs/Third-Party Plaintiffs, RCR is entitled to contribution from each of the Third-Party Defendants in an amount proportional to the amount of negligence and/or fault attributable to each of the Third-Party Defendants.

58. It has been necessary for RCR to retain the services of attorneys to defend the Plaintiffs'/Third-Party Plaintiff's action and to bring this action. RCR is entitled to recover attorney's fees and costs incurred herein pursuant to NRS 18.010, contractual provisions and Nevada law.

**SEVENTH CLAIM FOR RELIEF**
**(Apportionment)**

59. RCR refers to, realleges, and incorporates herein the allegations of Paragraphs 1 through 58 of this Third-Party Claim as though fully set forth herein.

60. RCR is entitled to an apportionment of liability among the Third-Party Defendants, each of them.

61. It has been necessary for RCR to retain the services of attorneys to defend the Plaintiffs'/Third-Party Plaintiff's action and to bring this action. RCR is entitled to recover attorney's fees and costs incurred herein pursuant to NRS 18.010, contractual provisions and Nevada law.

**PRAYER FOR RELIEF**

WHEREFORE, RCR PLUMBING AND MECHANICAL INC. prays for judgment against Third-Party Defendants, each of them, as follows:

1. For general and special damages in excess of $10,000;

2. For indemnity for all damages and/or economic losses that Plaintiffs or any Complainant recovers against RCR by way of judgment, order, settlement, compromise or trial;

3. For reasonable attorney's fees, costs, expert costs and expenses, pursuant to statutory law, common law, and contract law;

4. For prejudgment interest;

5. For consequential damages in excess of $10,000;

6. For incidental damages in excess of $10,000;

7. For an apportionment of liability among each of the Third-Party Defendants;

8. For a declaration of rights and obligations as between RCR and Third-Party Defendants;

9. For contribution pursuant to NRS 17.225; and

10. For such other and further relief as this Court may deem just, equitable and proper.

DATED this 21st day of September, 2011.

HANSEN RASMUSSEN, LLC

_/s/ R. Scott Rasmussen_
R. SCOTT RASMUSSEN, ESQ.
Nevada Bar No. 6100
DUSTI L. UKEILEY, ESQ.
Nevada Bar No. 8700
1835 Village Center Circle
Las Vegas, Nevada 89134
*Attorneys for Third-Party Defendant*
*RCR PLUMBING AND MECHANICAL, INC.*