UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: YELLOW BRASS PLUMBING COMPONENT
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2321


ORDER DENYING TRANSFER


**Before the entire Panel**:[*] Pursuant to 28 U.S.C. § 1407, homeowners and property owners in eight District of Nevada actions move to centralize this litigation in the District of Nevada. Uponor/Wirsbo defendants[1] in nine actions support centralizing all actions containing claims involving their products (e.g., all but the District of Nevada *Coleman-Toll* action) in the District of Nevada. This litigation currently consists of thirteen actions pending in three districts, as listed on Schedule A. The Panel has been notified of nine additional, potentially related actions.

The positions of the parties to this litigation vary greatly. Various plumbing and supply defendants[2] and defendant/third party defendant Interstate Plumbing & Air Conditioning, LLC, oppose centralization. D.R. Horton defendants[3] oppose centralization (specifically transfer of the District of Arizona *Bembnister* action), and alternatively suggest centralization of only Uponor/Wirsbo claims. Defendants Centex Homes and Carina Corp. oppose centralization and, alternatively, support centralization of Uponor/Wirsbo claims. Vanguard/Viega defendants[4] and defendant King Bros. Industries oppose centralization and, alternatively, request separation and remand of the claims against

---

[*] Judge W. Royal Furgeson, Jr., did not attend the Panel's January 2012 hearing session and thus did not participate in the decision of this matter. Further, at oral argument, it was announced that more than two Panel members have interests which would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter. Accordingly, the Panel invoked the Rule of Necessity and all Panel members present participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Adelphia Communications Corp. Sec. & Derivative Litig.,* 273 F. Supp. 2d 1353 (J.P.M.L. 2003); *In re Wireless Telephone Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356 (J.P.M.L. 2001).

[1] Uponor, Inc., Uponor North America, Inc., Wirsbo Company, and Uponor Wirsbo, Inc.

[2] Ferguson Enterprises, Inc.; HD Supply Construction Supply LP; Anderson Fittings and Brass Company LLC; HD Supply, Inc.; Hughes Water & Sewer, LP; RCR Plumbing and Mechanical, Inc.; and United Plumbing, LLC.

[3] D.R. Horton Inc.; D.R. Horton Inc.-Dietz-Crane Homes; DRH Southwest Construction Inc.

[4] VG Pipe, LLC, Vanguard Industries, Inc., Vanguard Piping Systems, Inc., Viega, Inc., Viega, LLC.

them.  Plaintiffs in three D. Nevada declaratory judgment actions oppose centralization to the extent that (1) transfer slows resolution of their pending motions to compel arbitration or (2) addition of non-Nevada cases delays the transferee court's ability to address the homeowners' pre-litigation compliance with Nev. Rev. Stat. § 40.600, *et seq.*  Del Webb defendants[5] (1) oppose centralization of the District of Arizona *Richards* and District of Nevada *Coleman-Toll* actions, (2) support centralization of all cases involving Uponor/Wirsbo claims, and (3) oppose centralization of claims involving Vanguard/Viega products.  Plaintiffs in the Arizona actions and third party defendant Ampam Riggs Plumbing, Inc., in *Richards* oppose centralization of both Arizona actions.  Plaintiff Coleman-Toll Limited Partnership and defendant Rehau, Inc., oppose centralization of their action, District of Nevada *Coleman-Toll*.  Various parties also request that the Panel stay its transfer decision pending resolution of certain related appellate activity.

Though the Panel has in the past centralized litigation involving market-wide conduct,[6] we are typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products.[7]  In the three plumbing products dockets in which the Panel has centralized recently,[8] we centralized actions concerning products made by a single defendant (or defendant group) or actions involving Uponor products that were designed under a specific standard, F1807.  Here, several actions contain multiple unrelated defendants, the Uponor/Wirsbo products reportedly fall under at least two standards (F1960 and F2080), and it is unclear which Uponor/Wirsbo products are at issue in each action.

Moving parties are correct that the actions share some basic questions of fact because the components at issue – made by at least three manufacturers – contained high zinc content brass produced under two industry standards, UNS C36000 (machined brass) and/or UNS C37700 (forged brass).  However, significant localized intervening causation issues are expected to be at play (i.e., the applicable standards according to which the fittings were made, the thickness of the product, manufacturing conditions, proper installation/training, local water quality, compliance with local building codes, etc.) in each action.  At least three industry manufacturing standards are involved in this litigation, and the Rehau and Vanguard/Viega products are at issue in, respectively, one and two actions, while Uponor/Wirsbo products are at issue in most actions.  Significantly, several plaintiffs include in their

---

[5]  Del Webb Communities, Inc.; PN II, Inc.; Pulte Building Systems, LLC; Del Webb Home Construction Inc.; Pulte Home Corp.; Pulte Homes, Inc.; and  PulteGroup Inc.

[6]  *See, e.g., In re: Mutual Funds Investment Litig.*, 310 F.Supp.2d 1359 (J.P.M.L. 2004).

[7]  *See In re: Ambulatory Pain Pump-Chondrolysis Prods. Liab. Litig.*, 709 F.Supp.2d 1375 (J.P.M.L. 2010); *In re: Table Saw Prods. Liab. Litig.*, 641 F.Supp.2d 1384 (J.P.M.L. 2009); *In re: Auction Rate Securities Mktg. Litig.*, 581 F.Supp.2d 1371, 1372 (J.P.M.L. 2009).

[8]  *See In re Zurn Pex Plumbing Prods. Liab. Litig.*, 572 F.Supp.2d 1380 (J.P.M.L. 2008); *In re Kitec Plumbing System Prods. Liab. Litig.*, 655 F.Supp 2d 1364 (J.P.M.L. 2009); *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 787 F.Supp.2d 1351 (J.P.M.L. 2011).

- 3 -

class definitions other "attendant" plumbing system components which could implicate numerous other manufacturers, eliminating many of the efficiencies that could be gained by centralization. Further, the relatively advanced progress of the District of Arizona *Richards* action, the fact that one of the actions is being arbitrated and others could proceed to arbitration, as well as the dissimilarity of numerous claims convince us that the significant inconvenience to the parties and practical case management challenges presented by centralization outweigh its benefits.

Considering all of these factors, the papers filed and hearing session held, we are not persuaded that centralization of these actions would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. We consider voluntary coordination among the parties (many of whom are represented by the same counsel) and the involved judges (most of whom are located in Nevada) to be a preferable alternative. Though we are denying centralization, we nevertheless encourage the parties to pursue such alternatives, should the need arise, to minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Barbara S. Jones
Paul J. Barbadoro          Marjorie O. Rendell
Charles R. Breyer

IN RE: YELLOW BRASS PLUMBING COMPONENT
PRODUCTS LIABILITY LITIGATION                                MDL No. 2321

## SCHEDULE A

### District of Arizona

Jerry L. Richards, et al. v. Del Webb Communities Inc., et al., C.A. No. 2:11-00368
Anthony Bembnister, et al. v. D.R. Horton Incorporated - Dietz-Crane Homes, et al., C.A. No. 2:11-01458

### District of Nevada

Solera at Anthem Community Association, Inc. v. Del Webb Communities, Inc., et al., C.A. No.2:11-00425
Fulton Park Unit Owners' Association, et al. v. PN II, Inc., C.A. No. 2:11-00783
Dakota Condominum Association v. Wirsbo Company, et al., C.A. No. 2:11-00812
Robert Wolinsky, et al. v. Carina Corporation, C.A. No. 2:11-00830
Coleman-Toll Limited Partnership v. Rehau, Inc., C.A. No. 2:11-01227
Greystone Nevada, LLC v. Fiesta Park Homeowners' Association, C.A. No. 2:11-01422
Greystone Nevada, LLC, et al. v Anthem Highlands Community Association, C.A. No. 2:11-01424
U.S. Home Corporation v. Parker-Hansen, et al., C.A. No. 2:11-01426
Waterfall Homeowners Association, et al. v. Viega, Inc., et al., C.A. No. 2:11-01498
Charleston and Jones, LLC, et al. v. Uponor, Inc., et al., C.A. No. 2:11-01637

### District of Oregon

Association of Unit Owners of East Village at Orenco Station, a Condominium v. Uponor, Inc., et al., C.A. No. 3:11-01169